Michael J. Edelman (ME-6476)
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

Douglas J. Lipke
Jonathan H. Bogaard
Vedder, Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Phone: (312) 609-7500

*Counsel for Appellee
Appellee Bank of America, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AT&T CREDIT HOLDINGS, INC.,<br><br>                      **Appellant,**<br><br>v.<br><br>DELTA AIR LINES, INC. and<br>THE POST-EFFECTIVE DATE<br>COMMITTEE OF DELTA<br>AIR LINES, INC., *et al.*,<br><br>                      **Appellees.** | **Case No. 08 -CV-2411(RMB)**<br>(ECF Case)<br><br>Chapter 11 Case No.<br>05-17923 (ASH)<br><br>(Jointly Administered) |

**APPELLEE BANK OF AMERICA, N.A.'S RESERVATION OF RIGHTS TO THE
EXTENT ANY PARTIES BELATEDLY SEEK REVERSAL
OR MODIFICATION OF PORTION OF DECISION AND ORDER
DENYING OBJECTIONS TO SLV CLAIMS**

Appellee Bank of America, N.A. ("*BofA*" or "*N666DL Lender*"), the beneficial holder of proof of claim number 5335 to the extent such proof of claim relates to the aircraft bearing FAA registration number N660DL (the "*N660DL Aircraft*") and the leveraged lease

transaction related to such Aircraft (such portion of the claim, the "*N660DL SLV Claim*"), by BofA's undersigned counsel, hereby submits its reservation of rights regarding this appeal.

## STATEMENT OF CASE AND FACTS RELEVANT TO THIS RESERVATION OF RIGHTS

### The Underlying Transaction and the Claims

This appeal addresses the claims objection litigation commenced by Delta Air Lines, Inc., as chapter 11 debtor and debtor in possession (the "*Debtor*") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), against two distinct sets of claims relating to the leveraged lease transactions in which Debtor was the lessee, Appellant AT&T Credit Holdings, Inc. was the owner participant (the "*Appellant*"), The Bank of New York was the indenture trustee (the "*Indenture Trustee*"), and various lenders (collectively, the "*Lenders*") were the lenders. *See* D.10 (TIA/SLV Objection 5I).[1] Appellee Bank of America, N.A. is the Lender under the leveraged lease transaction relating to the N660DL Aircraft.

### The Claims against Delta

The Appellant, as the owner participant, has asserted claims against the Debtor in the Debtor's chapter 11 case arising under separate tax indemnity agreements ("*TIAs*") between the Appellant, as the owner participant, and Debtor (the so-called "*TIA Claims*"). Separately, the Indenture Trustee was assigned various rights arising under certain aircraft leases between owner trustees, as lessor, and Delta, as lessee, to secure loan obligations. Pursuant to this assignment, the Indenture Trustee and/or the Lenders filed claims against Delta arising under the related

---

[1] References to "D." followed by a number refers to the associated document listed in Appellant AT&T Credit Holdings, Inc.'s designation of record and statement of issues presented on appeal, dated February 21, 2008.

aircraft leases. With respect to the N660DL Aircraft leveraged lease transactions, BofA currently holds the N660DL SLV Claim.

**The Underlying Claims Objections**

In the Debtor's chapter 11 case, the Debtor and the Committee objected to the SLV Claims and the TIA Claims on the grounds that:

(a) these claims overlapped each other and general bankruptcy law did not allow overlapping claims (and, accordingly, the SLV Claims and/or the TIA Claims should be reduced to prevent such overlap) (the "*General Overlap Objection*"), *see* D.10 (TIA/SLV Objection 5I), ¶¶ 19-32;

(b) the terms of the TIAs (or notions of equitable allocation based upon the terms of the TIA) required the disallowance or reduction of the TIA Claims due to the alleged overlap (the "*TIA Contractual Terms Objection*"), *id.*, at ¶¶ 33-35; and

(c) the terms of the transaction documents (or notions of equitable allocation based upon the terms of the Transaction Documents) required the reduction of the SLV Claims due to the alleged overlap (the "*SLV Contractual Terms Objection*"), *id.*

The only bases for attacking the SLV Claims were the General Overlap Objection and the SLV Contractual Terms Objection. *Id.*

**The Bankruptcy Court's Decision**

In its decision and related order (the "*Bankruptcy Court Decision and Order*"), the Bankruptcy Court overruled both the General Overlap Objection and the SLV Contractual Terms Objection. *See* D.2 (Decision on TIA/SLV Objection 3 and Objection 5I), at 4, 9-10 n.3, 15-17, 32-33, and D.3 (Order with respect to TIA/SLV Objection 5I), at 1; *see also* D.11 (Decision on TIA/SLV Objections 1 & 2), at 7-8, 12. Accordingly, the Bankruptcy Court denied the only two bases asserted by the Debtor and the Committee for objecting to the N660DL SLV Claim and the stipulated loss value claims held by or for the benefit of the other Lenders (collectively, the "*SLV Claims*").

The Bankruptcy Court granted the TIA Contractual Terms Objection and denied the Appellant's TIA Claims in their entirety. *See* D.3 (Order with respect to TIA/SLV Objection 5I), at 1.

**The Appeal**

The Appellant filed its notice of appeal on February 7, 2008, *see* D.3, and its Opening Brief on Appeal on March 14, 2008. In this appeal, the Appellant has not challenged the Bankruptcy Court's rulings denying the Debtor's objections to the SLV Claims. Because (a) the Appellant does not challenge the portions of the Bankruptcy Court Decision and Order regarding the SLV Claims, and (b) none of the Debtor, the Post-Effective Date Committee or any other person or entity (other than Appellant) has appealed the Bankruptcy Court Decision and Order, there is nothing for Appellee BofA to respond to in this appeal as of the date hereof. As no party has challenged such portions of the Bankruptcy Court Decision and Order relating to the N660DL SLV and the other SLV Claims, such decision and order regarding the N660DL SLV and the other SLV Claims are no longer subject to challenge.

NEWYORK/#193683.1

## **RESERVATION OF RIGHTS**

At this time, Appellee BofA is not filing a responsive brief to the Opening Brief on Appeal because (a) the Appellant only challenges the Bankruptcy Court Decision and Order regarding the disallowance of the Appellant's TIA Claims; and (b) the Appellant did not attack the Bankruptcy Court's rulings in which the Bankruptcy Court denied the General Overlap Objection and the SLV Contractual Terms Objection.

Appellee BofA hereby fully reserves its right to file a response brief to any brief filed by any person or entity that attacks the Bankruptcy Court's rulings in favor of the N660DL SLV Claim or the other SLV Claims.

Dated: New York, New York.
April 1, 2008

Respectfully submitted,

**Vedder Price P.C.**

By: /s/ Michael J. Edelman
Michael J. Edelman (ME-6476)
1633 Broadway, 47th Floor
New York, New York  10019
Tel:    212-407-7700
Fax:    212-407-7799
E-mail:  MJEdelman@VedderPrice.com

Douglas J. Lipke
Jonathan H. Bogaard
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Phone:  312-609-7500
E-mail:  DLipke@VedderPrice.com
         JBogaard@VedderPrice.com

*Counsel for Appellee*
*Bank of America, N.A.*